IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER DANIEL KEMMERLY,

    **Plaintiff,**

    v.                                      CASE NO. 19-3086-SAC

BRADEN HILL, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Christopher Daniel Kemmerly is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given an opportunity to file a proper amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on March 22, 2019, Defendants violated his First, Fourth and Eighth Amendment rights when they seized and failed to mail out his letter to KAKE news regarding a fellow inmate's suicide. Plaintiff alleges that he was in lockdown so he had another inmate mail out the letter. Plaintiff believes this "strongly and with confidence, because the suicide was mentioned on TV but never a name . . . and [he] put the victim's name in the letter." (Doc. 1, at 4, 13.) Plaintiff also alleges that he asked for the story to be aired on a specific day and time and it was not. Plaintiff alleges that a call to KAKE news will prove that his letter was seized in an attempt to quiet inmates.

Plaintiff further alleges that the circumstances surrounding the inmate's suicide subjected Plaintiff to cruel and unusual punishment. Plaintiff alleges that "[t]here is nothing more cruel than to be subjected to immediate loss of life." (Doc. 1, at 6.) Plaintiff alleges that proper welfare checks were not conducted for the inmate that committed suicide, and Plaintiff was the one that discovered his body after the suicide. Plaintiff alleges that he was not proffered "immediate" counseling, and was told to "kite mental health." (Doc. 1, at 20–21.) The next day, Michele from Wellpath conducted a group session regarding the incident. When Plaintiff told them that the inmate had confided in Plaintiff that he was contemplating suicide prior to the suicide, Deputy Robbins told Plaintiff that it was just as much Plaintiff's fault, or more so, than Deputy Hill's. Plaintiff's feelings of "grief, guilt, remorse and sorrow were then emotionally skyrocketed by the blame Deputy Robbins . . . placed on [Plaintiff] the very next day." (Doc. 1, at 23.) Plaintiff acknowledges that he has received medication in the form of a mood stabilizer, but argues that he has been denied a sleep aid.

Plaintiff also alleges that the harsh fluorescent lights are kept on all day; the food is watered down; the bed mattresses are torn up or have holes; the jail is overcrowded; inmates are denied outside recreation; the jail was on lockdown during various times between March 17 and April 17, 2019, due to understaffing; in D.D. Pod-1A there is no pod porter; there is standing water causing mildew and gnats in the shower; a layer of food is crusted on the tables; there is a lack of cleaning supplies; mice excrement is present; cells are excessively hot; the windows are too high in the cells to permit an outside view; the water is hard and should be tested for chemicals; the acoustics are bad in the pods; deputies have been seen chewing tobacco; Plaintiff was given paper towels instead of toilet paper on one occasion; and some deputies are not conducting proper welfare checks. Plaintiff alleges that Deputy Williams assaulted Plaintiff by

stepping toward Plaintiff and pushing him after Plaintiff punched the bubble glass and broke his hand. Plaintiff also alleges that he is being harassed, his cell is being searched, and his legal work is being illegally read by deputies.

The remainder of Plaintiff's Complaint sets forth allegations regarding abuses suffered by other inmates and misclassifications of other inmates.[1] Plaintiff also sets forth alleged facts regarding his fellow inmate's suicide. Plaintiff alleges that the violence against other inmates has Plaintiff living in perpetual fear for his own safety.

Plaintiff names over thirty defendants, including staff from the Sedgwick County Sheriff's Department and Wellpath Mental Health. Plaintiff seeks $10,000,000 from each defendant "for mental/psychological and physical damages," and reimbursement for other expenses.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A

---

[1] Plaintiff alleges that multiple other inmates "would be co-plaintiffs," and that he will be sending a document with their signatures soon. (Doc. 1, at 14.) The Court has not received such a document. Plaintiff suggests that the document was confiscated as contraband, but also claims he mailed the document to KAKE news. (Doc. 1, at 25.)

court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Outgoing Mail

Plaintiff fails to state a claim regarding the alleged seizure of his outgoing mail. Plaintiff had another inmate mail out his letter to KAKE news, and believes it was seized because the victim's name was not mentioned on TV and the story was not aired on the date and time he requested. Plaintiff's bald conclusion that his letter must have been seized is not supported by factual allegations. A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face. Plaintiff has failed to do this, and his claims are subject to dismissal for failure to state a claim.

### 2. Standing

Another problem with Plaintiff's Complaint is that he makes numerous allegations about experiences of other inmates and claims on behalf of the inmate population in general. It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations

5

omitted). To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his Complaint indicates he lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

Such general grievances are best addressed to the legislative, not the judicial, branch. *Bd. of Cty. Comm'rs of Sweetwater Cty. v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002) (citing *Allen v. Wright,* 468 U.S. 737, 751 (1984)). Such claims should be dismissed for lack of prudential standing. *See, e.g., Whitington v. Ortiz,* 307 F. App'x 179, 191 (10th Cir. 2009) *(pro se* prisoner plaintiff "lack[ed] standing to attempt to re-regulate the entire CDOC system, or to sue directly or indirectly on behalf of anyone but himself"); *Martinez v. Mesa Cty. Sheriff's Dep't,* 69 F.3d 548 (Table), 1995 WL 640293 at *1 (10th Cir. 1995) (unpublished) (court is not empowered to decide "generalized grievances concerning prison management").

Plaintiff should keep these principles in mind when drafting his amended complaint. His claims will be considered only to the extent they allege a violation of *his* constitutional rights.

### 3. Personal Participation

Plaintiff has failed to allege how each of the defendants personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662,

676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

**4. Damages**

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior

showing of physical injury." 42 U.S.C. § 1997e(e).

**5. Unrelated Claims**

Plaintiff has set forth unrelated claims in his Complaint. Plaintiff must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint. Rule 20 governs permissive joinder of parties and pertinently provides:

> (2) ***Defendants***. Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing

fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any amended complaint, Plaintiff should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

6. **Rule 8**

In filing an amended complaint, Plaintiff must comply with Fed. R. Civ. P. 8's pleading standards. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint fails to comply with this rule. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable

basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **October 21, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow,

---

[2] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3086-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **October 21, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated October 2, 2019, in Topeka, Kansas.**

>  **S/ Sam A. Crow**
>  **SAM A. CROW**
>  **SENIOR U. S. DISTRICT JUDGE**