# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHRISTOPHER DANIEL KEMMERLY,**

    **Plaintiff,**

    v.                                              CASE NO. 19-3086-SAC

**BRADEN HILL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is incarcerated at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). On October 2, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff an opportunity to show cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file a proper amended complaint. Plaintiff filed an Amended Complaint (Doc. 8) which is before the Court for screening.

The facts of this case and the Court's screening standards are set forth in the Court's MOSC. The Court found in the MOSC that Plaintiff failed to state a claim regarding the alleged seizure of his outgoing mail. Plaintiff had another inmate mail out his letter to KAKE news, and believes it was seized because the victim's name was not mentioned on TV and the story was not aired on the date and time he requested. The Court found that Plaintiff's bald conclusion that his letter must have been seized is not supported by factual allegations. A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face. The Court found in the MOSC that Plaintiff failed to do this, subjecting his claim to dismissal for failure to state a claim.

The Court also found in the MOSC that Plaintiff makes numerous allegations about experiences of other inmates and claims on behalf of the inmate population in general; that such claims should be dismissed for lack of prudential standing; and that Plaintiff's claims will be considered only to the extent they allege a violation of *his* constitutional rights.

The Court also found that Plaintiff failed to allege how each of the defendants personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights. Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).

Plaintiff's Amended Complaint (Doc. 8) fails to address the deficiencies set forth in the MOSC. Despite naming thirty-four defendants, he does not mention a single defendant by name in the body of his Amended Complaint. The Court's MOSC specifically directed Plaintiff that "plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each

defendant that violated plaintiff's federal constitutional rights." (Doc. 6, at 7.) Plaintiff has failed to correct this deficiency.

Plaintiff again alleges in his Amended Complaint that his mail to KAKE news was illegally seized by "Detention Officers." Plaintiff makes the bald allegation that he was assaulted and battered on March 20, 2019 and April 22, 2019, "in trying to obtain said documents." Plaintiff fails to allege any facts in support of these allegations. Plaintiff fails to add any additional factual support for his allegation that his letter was "illegally seized." As noted in the MOSC, Plaintiff bases his allegation on his assumption that it was seized because KAKE did not cover Plaintiff's story on the day and time Plaintiff requested and did not mention the deceased inmate by name even though Plaintiff mentioned the name in his letter. Plaintiff has failed to allege a First Amendment violation.

Plaintiff also alleges an Eighth Amendment violation resulting from him finding a fellow inmate dead. Plaintiff alleges that "officers" disregarded Plaintiff's physical and mental wellbeing, without alleging any facts in support. Plaintiff has failed to state an Eighth Amendment claim. Plaintiff also alleges that "deputies" read his legal work and denied him the right to speak to his attorney on March 25, 2019. Plaintiff has failed to name a defendant responsible and has failed to state a plausible claim for relief.

In his Amended Complaint, Plaintiff seeks ten million dollars from each officer/staff at SCJ for emotional and psychological damages and other physical abuse. In the MOSC, the Court found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a

prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff has failed to cure this deficiency.

Plaintiff has also filed a motion to appoint counsel (Doc. 10), a motion outlining facts and showing cause (Doc. 11), and a "Motion to Equally Dispense Filing Fee by Adding Co-Plaintiffs" (Doc. 12). None of the motions cure the deficiencies in the MOSC.

Plaintiff's motion for appointment of counsel suggest that nine other inmates signed a document to join as co-plaintiffs, each of them suffering "psychological damage." Plaintiff therefore seeks appointment of counsel for a potential class action. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes that Plaintiff has not asserted a colorable claim against a named defendant; this action is not a class action; no other plaintiffs have moved to join this action; and Plaintiff is not entitled to the appointment of counsel in a civil case. For all of these reasons, the

Court denies the motion to appoint counsel.

Plaintiff's "Motion Outlining Facts and Showing Cause" (Doc. 11) sets forth facts similar to those in Plaintiff's original complaint, regarding the suicide of a fellow inmate and staff's alleged failure to properly check on that inmate or to properly investigate the situation. Plaintiff also reiterates that his letter to the news media was seized, his cell was searched, he was battered, his legal work was read, he was placed in segregation for a fictitious disciplinary report, and there was a delay in receiving medical care for his panic attack on January 16, 2020. Plaintiff's motion fails to cure the deficiencies in the MOSC. Furthermore, it is not in the form of a proper amended complaint. The Court directed Plaintiff in the MOSC, that:

> To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3086-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

(Doc. 6, at 10 n.2.) The Court also cautioned Plaintiff in the MOSC that he had set forth unrelated claims in his Complaint and that he must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint. Plaintiff has failed to comply with the directives in the MOSC. The Court denies Plaintiff's motion to the extent Plaintiff is seeking any form of relief pursuant to the motion.

Plaintiff's "Motion to Equally Dispense Filing Fee by Adding Co-Plaintiffs" (Doc. 12) is denied. The motion suggests that nine additional plaintiffs are going to be brought into this case, and seeks to split his filing fee among the potential plaintiffs. The Court has found that Plaintiff's Amended Complaint fails to state a valid claim for relief. Plaintiff's request to add co-plaintiffs and to split the filing fee is moot and therefore denied.

Plaintiff's Amended Complaint fails to address any of the deficiencies set forth in the MOSC and fails to state a valid claim for relief. Therefore, this matter is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motions (Doc. 10, 11, and 12) are **denied.**

**IT IS SO ORDERED**.

**Dated January 29, 2020, in Topeka, Kansas.**

> **S/ Sam A. Crow**
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**