# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHRISTOPHER DANIEL KEMMERLY,

    Plaintiff,

    v.                                 CASE NO. 19-3086-SAC

BRADEN HILL, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is incarcerated at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). On October 2, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff an opportunity to show cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file a proper amended complaint. Plaintiff filed an Amended Complaint (Doc. 8). The Court screened the Amended Complaint and dismissed this case for failure to state a claim on January 29, 2020 (Docs. 13, 14). Plaintiff filed a Motion for Reconsideration (Doc. 15) on February 18, 2020.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due

diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id*. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff has failed to show that he is entitled to relief from the Court's judgment dismissing this matter. Plaintiff's motion states no grounds for relief, and instead attaches a proposed third amended complaint. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its January 29, 2020 Order and Judgment, and that ruling stands.

Plaintiff has filed a Notice of Appeal (Doc. 16). The Court granted Plaintiff leave to proceed *in forma pauperis* based on the financial information provided to the Court. (Docs. 2, 3.) The Court will grant Plaintiff leave to appeal *in forma pauperis*.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 15) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

**Dated February 19, 2020, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE